# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN CRAIN, | |
|     Plaintiff, | Case No. 2:08-cv-01808-KJD-RJJ |
| v. | **ORDER** |
| RONALD N. TUTOR, et al., | |
|     Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (#10). Plaintiff filed a Response in Opposition (#17), to which Defendants filed a Reply (#23).

**I.  Facts and Procedural History**

On July 1, 2007, Plaintiff began working for Defendant Perini Building Company ("Perini") as a journeyman plumber. In October 2008, two non-party co-employees allegedly began to harass Plaintiff, calling him "gay, queer, and/or fag." (Compl. at 3.) Although Plaintiff does not identify himself as homosexual, he was offended by the words and allegedly reported his co-workers' misconduct to management, Defendants Michael Perry and Tim Hensley. Plaintiff alleges that in that conversation he also divulged other misconduct by those same co-employees. On December 8, 2008, Plaintiff's employment with Perini was terminated. Plaintiff filed a grievance with the local union against Perini and its management on December 9, 2008. Plaintiff did not, however, file a

claim with the Equal Employment Opportunity Commission ("EEOC").  On December 23, 2008, Plaintiff filed a Complaint alleging several causes of action, including sexual harassment and unjust firing.  Defendants filed the present Motion on January 21, 2009, seeking to dismiss all charges due to a lack of jurisdiction.

**II.  Standard of Review for Motion to Dismiss**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The issue is not whether Plaintiffs will ultimately prevail, but whether he may offer evidence in support of his claims.  See id. at 249 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  Consequently, the Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995).   A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief.  See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

**III.  Jurisdictional Requirements**

Here, Defendants aver that Plaintiff has failed to establish federal jurisdiction and is unable to do so.  Plaintiff's Complaint does fail to explicitly state the basis on which jurisdiction is established, but the Defendants aver that no such basis could be established.  In the absence of a clear statement of jurisdiction by the pro se Plaintiff, the Court will assume that Plaintiff is asserting either diversity of citizenship or subject-matter jurisdiction.

### A. Diversity Jurisdiction

A district court has original jurisdiction when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). When examining a case brought under the diversity jurisdiction statute, the Court is required to address two issues: whether the amount in controversy exceeds $75,000 and whether there is complete diversity among the parties. Nowhere in his Complaint or Response in Opposition does Plaintiff specify that more than $75,000 is at issue. Furthermore, Plaintiff alleges that all parties involved are "located in Nevada." (Compl. at 2–3.) Although being located in a state does not establish citizenship, Plaintiff fails to clarify the citizenship of Defendants in his Response in Opposition. Plaintiff has failed to provide evidence that total diversity of citizenship exists and has failed to specify that the jurisdictional threshold amount of $75,000 has been met. Therefore, the Court finds that diversity of citizenship has not been established.

### B. Subject-Matter Jurisdiction

A district may also have jurisdiction over civil actions "arising under the Constitution, laws and treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges that Defendants have violated three specific sections of the United States Code: 18 U.S.C. §§ 241 and 242, and 42 U.S.C. § 2000e-2 ("Title VII").

The Ninth Circuit has held that 18 U.S.C. § 241, which deals with conspiracy against civil rights, and section 242, which deals with the deprivation of rights under the color of law, provide "no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Therefore, the Court does not have subject-matter jurisdiction over civil claims ostensibly brought under sections 241 and 242.

In addition, before a district court may have jurisdiction over any Title VII claim, including sexual harassment claims, a plaintiff must have exhausted his administrative remedies, by "filing a timely charge with the EEOC, or the appropriate state agency." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002); See 42 U.S.C. 2000e-5.

3

Here, Plaintiff has made no showing of having submitted a claim to the EEOC as required by Title VII. The Court finds that Plaintiff has not exhausted his administrative remedies. Thus, the Court has no jurisdiction to hear any of Plaintiff's claims arising under Title VII. Furthermore, as the Court does not have jurisdiction over any of the claims brought under federal statutes, the Court finds that subject-matter jurisdiction does not exist.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Show Retaliation (#16) is **DENIED** as moot;

IT IS FURTHER ORDERED that Plaintiff's Motions for Default Judgment (#27 and #32) are **DENIED** as moot;

IT IS FURTHER ORDERED that Defendants' Motion to Quash (#33) is **DENIED** as moot;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (#36) is **DENIED** as moot.

DATED this 21ST day of May 2009.

_____
Kent J. Dawson
United States District Judge